IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 09-cr-00056-PAB-10

UNITED STATES OF AMERICA,

    Plaintiff,

v.

10. CARLOS RAMOS-CARRILLO,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant Carlos Ramos-Carrillo's motion for a new trial [Docket No. 845] pursuant to Fed. R. Crim. P. 33.

The jury convicted the defendant of Count One of the indictment. Count One states in pertinent part as follows:

> From in or about September 2007, until on or about January 2009, within the State and District of Colorado and elsewhere, the defendant[] . . . CARLOS RAMOS-CARRILLO . . . did knowingly and intentionally conspire to distribute and to possess with the intent to distribute one or more of the following controlled substances: 50 grams and more of methamphetamine (actual), or 500 grams and more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance; and 500 grams and more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.
>
> All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii)(II) and 846.

Docket No. 1 at 2. A trial began on September 7, 2011, and the jury commenced its deliberations on September 13, 2011. During its deliberations, the jury submitted the following question to the Court:

> In determining the quantity, are we bound only by the actual physical evidence recovered to include the cutting agent recovered as intent to distribute and can we include the amounts spoken of in the telephone conversations.

Docket No. 845-1 at 1. The Court answered the question as follows: "You may consider evidence related to amounts spoken of in the telephone conversations." Docket No. 845-1 at 2. The jury later sent out another note saying: "What about the <u>cutting agent</u>?? . . . Also – can the quantity be considered as <u>intent</u> to distribute or conspired to possess." Docket No. 845-1 at 3. While the Court and the parties were discussing how to respond to the second note, the jury indicated that it had reached a verdict. The Court then received the verdict, in which the jury found defendant guilty of Count One. *See* Docket No. 821. The verdict form contained an interrogatory regarding Count One which read as follows:

> If you have found defendant Carlos Ramos-Carrillo GUILTY of the charged offense, you must answer the following question:
>> Which of the following Controlled Substances listed below do you unanimously find the defendant conspired to distribute or conspired to possess with the intent to distribute?
>> _____ 50 grams or more of methamphetamine (actual);
>> _____ 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine;
>> _____ 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

*Id.* The jury placed "Xs" next to the blanks for "50 grams or more of methamphetamine (actual)" and "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." *See id.* No mark was placed in the blank next to "500 grams or more of a mixture or substance containing a detectable amount of cocaine." *See id.*

Rule 33(a) of the Federal Rules of Criminal Procedure provides that, "[u]pon the

defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "[I]n deciding a motion for new trial, the court may weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994) (quotation marks and citation omitted). "The Court's broad discretion empowers it to grant relief based not only on the sufficiency *vel non* of the evidence at trial but on any other circumstance that might render the trial 'essentially unfair,' including trial errors." *United States v. D'Amelio*, 636 F. Supp. 2d 234, 238 (S.D.N.Y. 2009). However, "[d]istrict courts view motions for new trials with disfavor." *United States v. Lamy*, 521 F.3d 1257, 1266 (10th Cir. 2008). "The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict such that a miscarriage of justice may have occurred." *United States v. Sturdivant*, 513 F.3d 795, 802 (8th Cir. 2008) ("[T]he authority to grant a new trial should be exercised sparingly and with caution."); *see Evans*, 42 F.3d at 593-94.

In the present motion, defendant argues that the Court's "failure to answer the jury regarding the issue of the weight of the cutting agent recovered was error and that the defendant is entitled to a new trial." Docket No. 845 at 3. More specifically, defendant believes it likely that, because that question was not answered, the jury improperly included cutting agents recovered by the government with a "weight of 393.04 grams and no detectable presence of a controlled substance." *Id.*; *cf. Chapman v. United States*, 500 U.S. 453, 459 (1991) ("The statute refers to a 'mixture or

3

substance containing a detectable amount.' So long as it contains a detectable amount, the entire mixture or substance is to be weighed when calculating the sentence.").

The Court finds that defendant has not demonstrated that the interests of justice require that he be afforded a new trial. As an initial matter, defendant's arguments are limited solely to whether the jury properly calculated the 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. The jury, however, also unanimously concluded that defendant conspired to distribute or conspired to possess with intent to distribute 50 grams or more of methamphetamine (actual). Defendant fails to explain why he would be entitled to a new trial even in the event the jury's calculation of the 500 grams of a methamphetamine mixture was somehow suspect. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (designating the penalties for a violation 21 U.S.C. § 841(a) "involving . . . 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers *or* 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.") (emphasis added).

Furthermore, the Court does not agree with defendant that "[i]t is impossible to understand why the jury reached a verdict while a demand for an answer to its original question regarding a cutting agent was still pending." Docket No. 845 at 5. Defendant fails to explain why it is a fair assumption that any potential confusion by the jury as to the Court's answer to the first note would have led it "to believe the cutting agent should be included in determining weight despite the fact that the cutting agent did not contain a detectable amount of methamphetamine." Docket No. 845 at 5. The jury instructions

4

defined the relevant amount as "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine." Docket No. 821-1 at 21; *see id.* at 26. The Court presumes that the jury followed the jury instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000) ("A jury is presumed to follow its instructions."). The jury's second note posed two questions, which the jury would have anticipated the Court to answer. Instead of assuming that the jury, having questions about the cutting agent, would have reached a verdict despite such confusion, it is reasonable to assume that the jury concluded that, regardless of the Court's answer to its question, the evidence supported the determination that defendant was responsible for 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. In other words, even if the cutting agent was not included in the jury's calculation, it was able to unanimously conclude that the threshold had been reached by reference to other evidence in the case, including telephone calls. *Cf. U.S. v. Bum Gu Kim*, 411 F. App'x 641, 642 (4th Cir. 2011) ("The quantity was properly based on seized drugs, telephone intercepts discussing distribution transactions, and ledgers found in [defendant's] home detailing sales."). Defendant has not demonstrated that, even upon exclusion of the cutting agent, the "verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." *Evans*, 42 F.3d at 593 (quotation marks and citation omitted).

For the foregoing reasons, it is

**ORDERED** that defendant Carlos Ramos-Carrillo's motion for a new trial [Docket No. 845] is DENIED.

DATED January 10, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge